DEBORAH M. SMITH
Acting United States Attorney

STEPHAN A. COLLINS
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Tel: (907) 271-5071
Fax: (907) 271-1500
E-mail: stephan.collins@usdoj.gov
AK # 8911061

Attorney for Plaintiff


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 3:05-cr-108-7 (JWS) |
| | ) | |
| Plaintiff, | ) | |
| | ) | **PLEA AGREEMENT** |
| v. | ) | |
| | ) | |
| KRISTA ANN CALLAN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

I.    **Introduction**

A.    Unless the parties subsequently inform the district court in writing of

any additional agreements, this document contains the complete plea agreement

between the defendant and the United States.   The defendant understands this

agreement is limited to the District of Alaska; it does not bind other federal, state,

or local prosecuting authorities.

        B.    Unless the parties otherwise inform the district court in writing, the

parties expressly agree that Federal Rule of Criminal Procedure 11(c)(1)(B) will

control this plea agreement.  This means that the defendant may not withdraw

from this agreement or the guilty plea(s) if the district court does not adopt the

parties's sentencing recommendations at the sentencing hearing.

        C.    Because this is a negotiated resolution of the case, the parties waive

any claim for the award of attorney's fees and costs from the other party.

## II.    What the defendant agrees to do

        A.    I, Krista Ann Callan, the defendant, being of sound mind and under

no compulsion or threats, or promises not otherwise contained in this document,

do hereby state my agreement to and understanding of this plea agreement.

        I agree the following obligations are material to this agreement.  I agree

that any violation of or failure to fulfill these obligations will be a material breach

of this agreement.

Krista Ann Callan Plea Agreement

If I breach this agreement, I understand the United States, in its sole discretion, may withdraw from this agreement and may reinstate prosecution against me on any charges arising out of the investigation in this matter. If my agreement; the government's burden will be by a preponderance of the evidence.

**B.     Charge(s) to which the defendant is pleading guilty**

I agree to enter a plea of guilty to Count 1 of the Indictment, which charges me with conspiracy to distribute and to possess with intent to distribute controlled substances, in violation of 21 U.S.C. § 846.

**C.     Statutory Maximum Sentence**

I understand the statutory maximum sentence for Count 1, which charges me with conspiracy to possess with intent to distribute and to distribute controlled substances, in violation of 21 U.S.C. § 846, include the following for the facts upon which my plea will be entered:  1) 40 years imprisonment, with a mandatory minimum sentence of five (5) years imprisonment; 2) a $2 million

Krista Ann Callan  Plea Agreement

fine,  3) a $100 mandatory special assessment, and 4) a mandatory minimum four-year term of supervised release, with a maximum of life.  I understand the following may also apply and affect my sentence: 1) pursuant to Comment 7 of U.S.S.G. § 5E1.2, the district court may impose an additional fine to pay the costs to the government of any imprisonment and supervised release term; 2) pursuant to 18 U.S.C. § 3612(f), unless otherwise ordered, if the district court imposes a fine of more than $2,500, interest will be charged on the balance not paid within 15 days after the judgment date; 3) upon violating any condition of supervised release, a further term of imprisonment equal to the period of the supervised release may be imposed, with no credit for the time already spent on supervised release; 4) the district court may order that I pay restitution pursuant to 18 U.S.C. § 3663 and U.S.S.G. § 5E1.1.

I  agree I will owe the entire special assessment in this case on the day the district court imposes sentence.  I understand that all payments will be by check or money order, and are to be delivered to the Clerk of Court, United States District Court, 222 W. 7th Ave. Box 4, Rm. 229, Anchorage, AK 99513-7564.

Krista Ann Callan  Plea Agreement

D. **Application of the United States Sentencing Guidelines**

I understand the district court must consult the United States Sentencing Commission Guidelines [U.S.S.G.] when considering the sentence to impose in my case. I understand the U.S.S.G. do not establish the statutory maximum sentence applicable to the offenses to which I am pleading guilty. I also understand that while the U.S.S.G. are not mandatory and that the district court is not bound to impose a sentence recommended by the U.S.S.G., the district court may nonetheless find the sentence recommended by the U.S.S.G. to be reasonable in my case, after considering the factors set forth in 18 U.S.C. § 3553(a).

Below is a summary of a possible sentencing range under the U.S.S.G. for my case. This summary does no include all possible aggravating or mitigating adjustments available under the U.S.S.G. nor does it take into account the effect the factors set forth in 18 U.S.C. § 3553(a) may have upon the district court's sentencing decisions. This summary binds neither the district court, me, nor the United States. I understand that all adjustments to my offense level will be set forth in the pre-sentence report prepared by the U.S. Probation Office, and that both parties will have the opportunity to argue their positions with respect to the

Krista Ann Callan  Plea Agreement

base offense level as well as to any upward or downward adjustments that may

affect my guideline offense level. I understand the district court has the

discretion to ultimately impose a sentence that is higher than or lower than the

range contained in the summary. I understand and agree the district court will

apply the preponderance of evidence standard of proof when resolving any

factual disputes regarding my guideline sentence calculation. I understand that

the discussions between my attorney and me concerning my sentence exposure or

the possible sentence the district court might impose are only estimates and do

not bind the district court.

    *SUMMARY:*

        *NON BINDING ESTIMATED BASE OFFENSE LEVEL* .... *32*

        *ACCEPTANCE OF RESPONSIBILITY* ................... *-3*

        *NON BINDING ESTIMATED TOTAL* .................... *29*

        *NON BINDING ESTIMATED CRIMINAL HISTORY* ........ *I*

        *NON BINDING ESTIMATED*
        *SENTENCING RANGE* ................... *60\*/87-108 months*
        *\* The statutory mandatory minimum sentence based on the facts*
        *defendant is admitting is 60 months.*

        *SUPERVISED RELEASE RANGE* .......... *min. 4 years - Life*

*FINE RANGE* .......................... *$15,000 - $150,000*

**E.  Additional consequences of a felony conviction**

I understand that any person convicted of a federal felony offense may lose

or be denied federal benefits including any grants, loans, licenses, food stamps,

and welfare, as well as the right to own or possess any firearms, the right to vote,

the right to hold public office, and the right to sit on a jury.

**F. Elements of the offense(s)**

My attorney has explained the charge(s) to which I am pleading guilty and

the elements necessary to establish my guilty plea(s).  The district court will

further advise me of the necessary elements.

I understand that in order to sustain a conviction for conspiracy to possess

with intent to distribute and to distribute a controlled substance, a violation of 21

U.S.C. § 846, as charged in this case, the United States would have to prove

beyond a reasonable doubt the following elements:

First, there was an agreement between two or more persons to possess with

intent to distribute and to distribute controlled substances; and

Second, I  became a member of this agreement  knowing that the object of

Krista Ann Callan  Plea Agreement

possess with intent to deliver or transfer possession of a controlled substance to

another person, with or without any financial interest in the transaction.

### G. Factual basis for the plea(s)

I admit that the allegations against me in Count 1of the Indictment are true

and stipulate the following minimum factual basis for my plea(s) is true and

supports my guilty plea(s) in this case:

Sometime between April, 2003, and November 15, 2005, I, Krista Ann

Callan, the defendant, became a member of an agreement with Carlos Likee

Rainey, and at least one other individual named in the Indictment in this case.  I

and my co-conspirators had agreed to distribute 500 or more grams of cocaine.  I

joined this agreement knowing that this group would be distributing cocaine in

Alaska and Washington and I joined with the intent to help accomplish these

goals.  During the time I was a member of this agreement, I and other members of

this agreement distributed  500 or more grams of cocaine.

Krista Ann Callan  Plea Agreement

## H. **Waiver of trial, appellate, and collateral attack rights**

I understand I have the following rights:

--    The right to have the charges against me presented to the

      grand jury prior to entering my plea of guilty;

--    The right to plead not guilty or to persist in that plea if it has

      already been made;

--    The right to a speedy and public trial by jury on the factual

      issues establishing my guilt or my sentence, and any issue

      affecting my interest in any forfeitable assets;

--    The right to object to the composition of the grand or petit

      jury;

--    The right to be presumed innocent and not to suffer any

      criminal penalty unless and until my guilt is established

      beyond a reasonable doubt;

--    The right to be represented by a lawyer at trial and if necessary

      to have a lawyer appointed to represent me at trial -- I

      understand I am not waiving my right to have counsel

continue to represent me during the sentencing phase of my

case;

~~The right to remain silent at trial, with such silence not to be~~

used against me, and the right to testify in my own behalf;

--    The right to contest the validity of any searches conducted on

my property or person; and

--    The right to appeal my conviction and sentence.

By pleading guilty pursuant to this agreement, I understand and agree I am

waiving all of these applicable rights including my right to appeal my

conviction(s).  I further agree that if the district court imposes a sentence that

does not exceed the statutory maximum sentence – as set forth in section II C

above in this agreement, I am waiving without exception  my right to appeal on

all grounds contained in 18 U.S.C. § 3742 the sentence the district court imposes

upon me –  including forfeiture (if applicable) or terms or conditions of probation

(if applicable) or supervised release, and any fines or restitution.  Additionally, I

Krista Ann Callan  Plea Agreement

also knowingly and voluntarily agree to waive all right to collaterally attack my

conviction(s) and/or sentence – including forfeiture (if applicable) or terms or

conditions of probation (if applicable) or supervised release, and any fines or

restitution– the district court imposes.  The only exceptions to this collateral

attack waiver are as follows:  1) any challenge to the conviction or sentence

alleging ineffective assistance of counsel -- based on information not now known

to me and which, in the exercise of reasonable diligence, could not be known by

me at the time the court imposes sentence; and 2) a challenge to the voluntariness

of my guilty plea(s).  I understand a collateral attack is an additional means

separate from an appeal by which I  could challenge my conviction or sentence.  I

also agree that if the my guilty plea is rejected, withdrawn, vacated, reversed, or

set aside, or if my sentence is vacated, reversed, set aside, or modified, at any

time, in any proceeding, for any reason, the United States will be free to prosecute

me on all charges arising out of the investigation of this case for which there is

probable cause.

## I. Satisfaction with counsel

I am fully satisfied with the representation given me by my attorney and

~~am prepared to repeat this statement at the time I stand before the district court~~

and enter my guilty plea(s).  My attorney and I  have discussed all possible

defenses to the charges to which I am pleading guilty.  My attorney has

investigated my case and followed up on any information and issues I have raised

to my satisfaction.  My attorney has taken the time to fully explain the legal and

factual issues involved in my case to my satisfaction.  We have discussed the

statutes applicable to my offense and sentence as well as the possible effect the

U.S.S.G. may have on my sentence.

## III.    What the United States agrees to do

A.    In exchange for the defendant's plea(s) of guilty to Count 1, the

United States agrees that it will not prosecute the defendant further for any

offense -- now known -- arising out of the subject of the investigation related to

the charging instrument in this case and the defendant's admissions in support of

the guilty plea(s).  Provided, however, if the defendant's guilty plea(s) is/are

rejected, withdrawn, vacated, reversed, or set aside, or if the defendant's sentence

is vacated, reversed, set aside, or modified, at any time, in any proceeding, for any

reason, the United States will be free to prosecute the defendant on all charges

Krista Ann Callan  Plea Agreement

arising out of the investigation of this case for which there is probable cause,

including any charges dismissed pursuant to the terms of this agreement, which

charges will be automatically reinstated as well as for perjury and false

statements.

B.    If the defendant is completely candid and truthful with both the court

and the United States Probation Office in admitting the underlying criminal

conduct and the defendant meets the criteria set out in U.S.S.G. § 3E1.1, the

United States agrees to  recommend the defendant for a two level downward

adjustment for acceptance of responsibility and, if U.S.S.G. § 3E1.1(b) applies, to

move for the additional one level adjustment for acceptance of responsibility.  If,

at any time prior to imposition of  sentence, the defendant fails to meet the criteria

set out in  U.S.S.G. § 3E1.1, or acts in a manner inconsistent with acceptance of

responsibility, the United States will not make or, if already made, will withdraw

this recommendation and motion.

C. The United States will recommend a sentence based on the U.S.S.G.

and will recommend the district court impose a sentence at the low end of the

total adjusted offense level the district court determines is appropriate for the

Krista Ann Callan  Plea Agreement

defendant at the time imposition of sentence occurs, if the defendant abides by the terms of this agreement.

### IV. Adequacy of the agreement

Pursuant to Local Criminal Rule 11.2 (D)(8), this plea agreement is appropriate in that it conforms with the sentencing goals that would otherwise be applicable to the defendant's case if the defendant had gone to trial and had been convicted on all counts in the charging instrument.

### V. The defendant's acceptance of the terms of this plea agreement

By my signature below, I, Krista Ann Callan, affirm this document contains all of the agreements made between me– with the assistance of my attorney– and the United States regarding my plea(s). There are no other promises, assurances, or agreements the United States has made or entered into with me that have affected my decision to enter any plea of guilty or to enter into this agreement. If there are any additional promises, assurances, or agreements, I and the United States will jointly inform the district court in writing before I enter my guilty plea(s).

I understand that I have a right to plead not guilty and proceed to trial, and

that no one can force me to plead guilty. I understand that no one, including my attorney, can guarantee the outcome of my case or what sentence the district court may impose if I plead guilty. If anyone, including my attorney, has done or said anything other than what is contained in this agreement, I will inform the judge when I stand before him to enter my plea. If there were, I would so inform the district court.

I understand the district court will ask me under an oath to answer questions about the offense(s) to which I am pleading guilty and my understanding of this plea agreement. I understand that I may be prosecuted if I make false statements or give false answers and may suffer other consequences set forth in this agreement.

I have read this plea agreement carefully and understand it thoroughly. I know of no reason why the district court should find me incompetent to enter into this agreement or to enter my plea. I enter into this agreement knowingly and voluntarily. I understand that anything that I discuss with my attorney is privileged and confidential, and cannot be revealed without my permission. Knowing this, I agree that this document will be filed with the court.

Krista Ann Callan Plea Agreement

Based on my complete understanding of this plea agreement, I therefore wish to enter a plea of guilty to Count 1.

DATED: 5/23/06

_____
KRISTA ANN CALLAN
Defendant

As counsel for the defendant, I have discussed with the terms of this plea agreement with the defendant, have fully explained the charge(s) to which the defendant is pleading guilty and the necessary elements, all possible defenses, and the consequences of a guilty plea to a felony. Based on these discussions, I have no reason to doubt that the defendant is knowingly and voluntarily entering into this agreement and entering a plea of guilty. I know of no reason to question the defendant's competency to make these decisions. If, prior to the imposition of sentence, I become aware of any reason to question the defendant's competency to enter into this plea agreement or to enter a plea of guilty, I will immediately inform the court.

DATED: 5/23/06

_____
LANCE C. WELLS
Attorney for Krista Ann Callan

\\

\\

\\

Krista Ann Callan Plea Agreement

On behalf of the United States, the following accept Krista Ann Callan's offer to plead guilty under the terms of this plea agreement.

DATED: 05/24/06

_____
STEPHAN A. COLLINS
Assistant U.S. Attorney

DATED: 5/31/06

_____
DEBORAH M. SMITH
Acting United States Attorney

Krista Ann Callan  Plea Agreement

**Page 17 of  17**