Law Offices of Lance C. Wells, P.C.
733 W. 4th Ave, Suite 308
Anchorage, Alaska 99501
Phone: 907/274-9696
Fax: 907/277-9859
E-mail: lwells@gci.net
AK # 9206045

IN THE UNITED STATES DISTRICT COURT

FOR THE STATE OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| KRISTA A. CALLAN, ) | |
| ) | |
| Defendant. ) | |
| _____) | Case No. 3:05-cr-108-07-JWS |

**DEFENDANT'S SENTENCING MEMORANDUM**

COMES NOW DEFENDANT KRISTA A. CALLAN by and through her attorney of record LANCE C. WELLS of the LAW OFFICES OF LANCE C. WELLS, P.C. and hereby files her sentencing memorandum to aid the court in structuring an appropriate sentence on behalf of defendant. Currently sentencing is scheduled to take place on September 19, 2006, at the hour of ten o'clock a.m.

Pursuant to 18 U.S.C. §3553, certain factors are to be considered in imposing a sentence:

The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in ¶(2) of the subsection. The court, in determining the particular sentence to be imposed, shall consider –

(1) The nature and circumstances of the offense, and the history and characteristics of the defendant;

(2) The need for the sentence imposed

   (A) To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

   (B) To afford adequate deterrents to criminal conduct;

   (C) To protect the public from further crimes of the defendant; and

   (D) To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) The kinds of sentences available;

(4) The kinds of sentence and the sentencing range established for –

   (A) Applicable category of offense committed by the applicable category of defendant as set forth in the Guidelines –

(5) The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(6) The need to provide restitution to any victims of the offense.

The Guidelines sentence recommendation, as indicated in the final pre-sentence report, is 46 to 57 months. This is based on a total offense level of 23, and a criminal history category of I. There is a statutory minimum sentence in this case of 5 years. As such, the Guideline range would be 60 months. However, the defendant, it is believed by the time of sentencing, will have satisfied all the required criteria under 18 U.S.C. §3553(f)(1)-(5). Once the defendant meets these "safety valve" criteria, the court may impose a sentence below the statutory minimum 5 year term of imprisonment.[1] This court will recall from a review of not only the draft pre-sentence report, but the final pre-sentence report as well, that Ms. Callan has been employed most of her adult life. She was employed over fifteen years with the Hilton Hotel in Anchorage, Alaska. Ms. Callan has been a productive member of society, raising minor children on her own, with no help from the children's father or welfare.

Unfortunately, Ms. Callan made some improper choices and decisions, and that was to become involved in the distribution of narcotics. Ms. Callan is aware that there are no easy outs to life's problems, and financial difficulties. This, she realizes

---

[1] At the time of this writing, defendant has not yet been fully debriefed. As such, a motion to continue sentencing will be filed on a non-opposed basis.

even more now than in the past, as she has been incarcerated and separated from her children. This conviction has left a lasting impact upon Ms. Callan, based upon undersigned counsel's numerous meetings with defendant, who believes that Ms. Callan is an excellent prospect for rehabilitation. Counsel believes Ms. Callan when she states that she will not ever again become involved in illegal drug activity. If the past is a good predictor of the future, Ms. Callan's lack of criminal history, and the fact that she has not been involved in this type of activity before, bode well for her and her success for rehabilitation.

Ms. Callan asks this court to recommend her to the Bureau of Prisons 500 hour drug abuse program. Ms. Callan, while being able to work a full-time job, and take care of her family, could best be described as a functioning addict. Ms. Callan has used powdered cocaine. Ms. Callan would like to be able to avail herself of any and all opportunities to enter and complete the substance program program.

Furthermore, Ms. Callan believes that she qualifies for a mitigating role pursuant to advisory U.S.S.G. §3B1.2(b); minor participant. While Ms. Callan does not deny that she was involved in this matter, nor does she fail to take acceptance of responsibility for her actions, Ms. Callan believes that she is significantly less involved, and less culpable than others

involved. See <u>United States v. Rojas-Millan</u>, 234 F.3d 464 (9th Cir.) 2000, which provides an extensive analysis of "minor role" application in drug cases. If the court were to grant Ms. Callan a minor participant role, it would decrease her offense level by 2 additional levels to that of 21. With a criminal offense history of I, would yield under the Advisory Guidelines, 37-46 months of incarceration.

Ms. Callan does not have the monetary means to pay a fine. As such, Ms. Callan requests that no monetary fine be imposed. Ms. Callan is a high school graduate from West High School, Anchorage, Alaska, in 1985. Ms. Callan had further signed up for previously Anchorage Community College, but did not complete. Her primary field of interest at the time was that of psychology. Ms. Callan has completed various computer classes that she has taken over the years through the Adult Learning Center, and at the University of Alaska in Anchorage. There is no doubt that once Ms. Callan is released from incarceration, that she will again become gainfully employed.

In conclusion, it is respectfully requested that the defendant be sentenced to no more than 37 months of incarceration; that no fine be imposed; that the defendant be recommended to the Bureau of Prisons Drug Abuse Program for inpatient residential treatment, as well as any and all other programs that may assist defendant not only with her drug

addiction, reintegration into society, but further her educational endeavors as well.

RESPECTFULLY SUBMITTED this 12th day of September 2006.

LAW OFFICES OF LANCE C. WELLS, P.C.

s/Lance C. Wells
Attorneys for Krista A. Callan
733 W. 4th Ave, Suite 308
Anchorage, Alaska 99501
Phone: 907/274-9696
Fax: 907/277-9859
E-mail: lwells@gci.net
AK # 9206045

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 12th, 2006, a copy of the foregoing was served electronically:

Stephan Collins
Asst. U.S. Attorney